# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## (TAX REFUND)

**DANIEL MONGEON AND SCHELE MONGEON,**

*Plaintiffs,*

v.

**UNITED STATES,**

*Defendant.*

Case No. 1:22-cv-01048-AOB
Judge Armando O. Bonilla

## AMENDED COMPLAINT/PETITION FOR INCOME TAX REFUND

Pursuant to Rule 15(a)(1)(A), RCFC, Plaintiffs Major General Daniel Mongeon USA, Ret. and Schele Mongeon (collectively, the "Mongeons") file this amended complaint/petition for an income tax refund, and show the Court as follows:

### Nature of the Action

1. The Mongeons bring this action to recover from the United States the sum of $52,955.00 or such other amount or amounts as the Court may determine to be lawfully due, together with interest on that amount according to law.

2. This suit and the causes of action set forth arise under Acts of Congress, and Treasury Department regulations, providing for internal revenue. This suit is brought pursuant to and within the period prescribed by such Acts and regulations, for the recovery of internal revenue taxes and interest erroneously or illegally assessed or collected or of sums wrongfully collected. This Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491.

3.      The Mongeons have not assigned any part of the claims asserted herein, which are not, and have never been, pending before any other court or government agency. Other than the Treasury Department's disallowance, described below, no other agency has taken any action on the matters described herein.

### The Parties

4.      The Mongeons are husband and wife and reside at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, ▓▓▓▓. Their social security numbers are ▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓, respectively.

5.      The United States of America, for all purposes relevant hereto, acted by and through the Treasury Department, Internal Revenue Service.

### Factual Background

6.      This dispute involves the tax consequences flowing from the Mongeons' sale of their rental property located on Anesbury Lane in Alexandria, Virginia (the "Anesbury Property"). The Anesbury Property was the Mongeons' primary residence for many years.

7.      The Mongeons substantially improved the Anesbury Property between approximately 2006 and 2011.

8.      In 2011, the Mongeons moved to their current home and converted the Anesbury Property to rental property.

9.      In 2017, the Mongeons sold the Anesbury Property.

10. On or about April 15, 2018, the Mongeons timely filed their 2017 federal income tax returns and paid the amount shown as due. Shortly thereafter, the Mongeons realized that their initial return did not account for capital improvements to the Anesbury Property.

11. In October of 2018, the Mongeons timely filed an amended return (1040X) to account for those improvements. That return sought a refund of $54,878.00.

12. In August of 2019, the Service began an audit to substantiate the improvements and associated depreciation for the Anesbury Property. The Mongeons provided the Service all the information it requested, including invoices, receipts, photos and other documents.

13. On December 5, 2019, the Service disallowed the Mongeons' claim in its entirety because there was "not enough information to determine that qualified capital improvements were made to the [Anesbury P]roperty and that the amounts reported were accurate."

14. The December 2019 disallowance letter invited the Mongeons to request conferences with the Service if they disagreed with the government's findings. The Mongeons timely requested those conferences and, over the next few months, had several calls and meetings with the Service to discuss the capital improvements to the Anesbury Property. During those meetings and conferences, the Mongeons supplied the Service with additional information.

15. On or about June 17, 2020, the Mongeons filed a 1040X "[t]o include capital improvements on rental property not shown on [the] originally filed return." The June 2020 1040X requested a refund of $52,955.00 and is included in Appendix A.

16. On or about August 20, 2020, the Service wrote the Mongeons and rejected their refund claim again based on a purported lack of information. A copy of the August 2020 disallowance letter is in Appendix A.

17. The Mongeons had additional conversations with the Service after receiving that letter. Based on those conversations, the Mongeons understand that the Service had no issue with their calculations or documentation showing the amount of the capital improvements, or applicable depreciation. Instead, the Service indicated to the Mongeons that it could not determine that they actually owned the Anesbury Property.

18. The Service's August 2020 letter told the Mongeons that they had "two years from the mailing date of [the] letter" to file this action. Appendix A also includes the post-marked envelope in which the letter was sent, showing an August 20 mailing date.

**Count I – the Service Erroneously Disallowed the Mongeons' Capital Improvements and Refund Claim**

19. The Mongeons adopt and incorporate the factual allegations in the preceding paragraphs, as if fully set forth herein.

20. Through their amended returns, the Mongeons have correctly reported the tax consequences of their sale of the Anesbury Property. The documents and other information supplied to the Service established (a) that the Mongeons owned the Anesbury Property until 2017; (b) that they improved the Anesbury Property while they owned it; (c) the cost of those improvements and their dates; and (d) the appropriate depreciation.

21. The Mongeons have overpaid the Service income tax in the amount of $52,955.00 for tax year 2017 on account of the erroneous decision to disallow their claim for refund based on capital improvements (and associated depreciation) to the Anesbury Property. Such amount, together with interest as provided by law, is due and owing to the Mongeons.

WHEREFORE, the Mongeons respectfully request judgment against the United States in the amount of $52,955.00, or such other sums as may be legally payable, with interest as provided by law.

Dated: September 12, 2022               Respectfully submitted,


                                        s/ W. Brad English
                                        W. Brad English

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street SW
Huntsville, Alabama 35801
Telephone:   (256) 512-5705
Facsimile:   (256) 512-0119
Email: benglish@maynardcooper.com